UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSLAN A. BIZHKO,<br><br>  Plaintiff,<br><br>  v.<br><br>THOMAS MCKINNON, et al.,<br><br>  Defendants. | No.  2:21-cv-01137-CKD PS<br><br>ORDER GRANTING IFP REQUEST AND DISMISSING COMPLAINT WITH LEAVE TO AMEND |

Plaintiff proceeds pro se in this action brought under 42 U.S.C. § 1983. This matter is referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636. Plaintiff's complaint filed on June 28, 2021, is before the court for screening and plaintiff has filed an application in support of his request to proceed in forma pauperis. (ECF No. 2.) Plaintiff's application makes the showing required by 28 U.S.C. § 1915. The request will be granted.

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and mut order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam).

I. **ALLEGATIONS OF THE COMPLAINT**

Plaintiff names as defendants the California Department of Corrections and Rehabilitation ("CDCR"), the California Parole Board North Division, Thomas McKinnon, a fire investigator who testified against plaintiff in his criminal case, and Catherine L. White, who was plaintiff's appellate attorney for his criminal case.

The complaint's allegations and intended claims are somewhat difficult to discern. However, plaintiff asserts that his constitutional rights were violated by state officials who gave false testimony at his criminal trial. He alleges that McKinnon, specifically, participated in a scheme to frame plaintiff for arson. Plaintiff alleges McKinnon collected the insurance money for plaintiff's house, which had burned in a fire, after which McKinnon showed up with three friends to beat up plaintiff and arrest him for the arson. Plaintiff also alleges McKinnon tried unsuccessfully to have plaintiff deported because McKinnon thought plaintiff was not a citizen.

Plaintiff was subsequently convicted of the arson. He alleges there was a "Brady" violation at his trial and that he was denied his right to call witnesses. Plaintiff alleges that due to the actions of defendants, he served six years for a crime of which he was innocent. In addition, in 2018 at Corcoran State Prison, he was set up and beat up by unspecified correctional officers and their inmate team. He suffered broken ribs, bruises, and headache.

For relief, plaintiff wants a clean record to start his new life. Plaintiff further requests that his parole term be terminated because he served his full prison term and because being on parole has prevented him from finding employment. (ECF No. 1 at 3-5.)

II. **PLEADING STANDARDS**

Rule 8 of the Federal Rules of Civil Procedure require a plaintiff to plead a "plain statement of the claim" in a "simple, concise, and direct" manner. Fed. R. Civ. P. 8(a)(2) & (d)(1). In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).

When considering whether a complaint states a claim upon which relief can be granted, the court accepts the well-pleaded factual allegations as true, Erickson v. Pardus, 127 S. Ct. 2197,

2200 (2007), and construes the complaint in the light most favorable to the plaintiff. See <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974). Although the facts are accepted as true, however, a court need not indulge unwarranted inferences or legal conclusions. See <u>Doe I v. Wal-Mart Stores, Inc.</u>, 572 F.3d 677, 681 (9th Cir. 2009).

In order to avoid dismissal, a claim must have facial plausibility. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). "[N]aked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" do not suffice. <u>Twombly</u>, 550 U.S. at 555-57 (2007); see also <u>Iqbal</u>, 556 U.S. at 678.

### III. THE COMPLAINT FAILS TO STATE A CLAIM

#### A. Failure to Comply with Rule 8

The complaint's vague allegations fail to give fair notice of any cognizable claims and the grounds on which they rest. Because it fails to plead adequate facts to support any cause of action, the complaint must be dismissed. See <u>McHenry v. Renne</u>, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

Although the complaint must be dismissed, plaintiff will be granted leave to file an amended complaint. See <u>Lucas v. Dep't of Corr.</u>, 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). When dismissing a complaint with leave to amend, a court should briefly explain a pro se litigant's pleading deficiencies. See <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987). Accordingly, the court provides the following legal standards and explanation.

#### B. <u>Heck</u> Bar

Plaintiff is cautioned that to any extent he seeks relief for time he served in custody as part of a judgment and criminal sentence, he does not have a cognizable claim unless he can prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order,

declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey 512 U.S. 477, 486-87 (1994). Under Heck, when a plaintiff files a section 1983 action, the court must consider whether "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487; see also, e.g., Guerrero v. Gates, 442 F.3d 697, 703 (9th Cir. 2006) (concluding that Heck barred the plaintiff's civil rights claims alleging wrongful arrest, malicious prosecution and conspiracy among police officers to bring false charges against him).

In sum, Heck prevents plaintiff from bringing any claim that would imply the invalidity of his conviction. This includes any claim against McKinnon for alleged false testimony at plaintiff's criminal trial. See Guerrero, 442 F.3d at 703.

**C. Improper Defendants**

The complaint does not state a claim against CDCR or the Parole Board. To state a claim that a government agency is subject to liability for constitutional torts committed by its officials, a plaintiff must allege an individual with final policymaking authority acted pursuant to an official policy or custom or failed to act based on a policy of inaction amounting to the knowing disregard of plaintiff's rights and that plaintiff was harmed thereby. Monell v. N.Y. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978); Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir.1992). No such allegations are asserted here. Moreover, neither states nor their agencies are persons under 42 U.S.C. § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Section 1983 creates a cause of action against persons who have deprived a plaintiff of a right secured by the Constitution or laws of the United States while acting under color of state law. 42 U.S.C. § 1983. Neither a state nor its agencies are persons under section 1983. Will, 491 U.S. at 71. Thus, plaintiff cannot maintain this action against CDCR or the Parole Board. To any extent plaintiff seeks relief for violations of his rights that occurred while he was incarcerated, he must name the specific individuals responsible for that harm and must describe with more detail the acts those individual defendants took in order to state a claim.

In addition, although plaintiff's complaint does not include any factual allegations pertaining to the Parole Board or its commissioners, plaintiff is informed that claims against parole board commissioners are barred by the doctrine of quasi-judicial immunity. Such immunity protects parole commissioners exercising quasi-judicial responsibilities in rendering parole decisions. Sellars v. Procunier, 641 F.2d 1295, 1302 (9th Cir. 1981). Quasi-judicial functions or those that are "functionally comparable to tasks performed by judges" exist where parole board members adjudicate whether the grant, deny, or revoke parole. Swift v. Cal., 384 F.3d 1184, 1189 (9th Cir. 2004).

In addition, although the complaint does not contain any factual allegations pertaining to Catherine White, plaintiff is informed that his court-appointed appellate attorney is entitled to immunity from civil suit for acts that allegedly involved negligent misconduct. Tower v. Glover, 467 U.S. 914, 920 (1984). When public defenders are acting in their role of advocate, they are not acting under the color of state, or federal, law for purposes of an action under 42 U.S.C. § 1983. See Georgia v. McCollum, 5050 U.S. 42, 53 (1992); Polk County v. Dodson, 454 U.S. 312, 320-25 (9th Cir. 2003) (en banc). The United States Supreme Court has concluded that public defenders do not act under color of state law because their conduct as legal advocates is controlled by professional standards independent of the administrative direction of s state supervisor. Vermont v. Brillon, 556 U.S. 81, 91 (2009). Accordingly, plaintiff may not bring an action against his appellate attorney for her role in his unsuccessful appeal.

### IV. CONCLUSION

The complaint must be dismissed. The court will grant leave to file an amended complaint. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

If plaintiff elects to file an amended complaint, it shall be clearly captioned "First Amended Complaint" and shall cure the deficiencies identified herein. Plaintiff is informed that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. Therefore, in any amended complaint, as in an original complaint, each claim and

the involvement of each defendant must be sufficiently alleged. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). In the alternative, plaintiff may file a notice of voluntary dismissal if plaintiff is unable or unwilling to cure the complaint's deficiencies.

In accordance with the above, IT IS ORDERED:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted;

2. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend; and

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  July 27, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Bizhko.21cv1137.screen